IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MARSHALL ALAN VAN DYKE, #1085853 | § § § | |
| v. | § § § § | CIVIL ACTION NO. G-03-261 (Consolidated with G-03-262 and G-03-263) |
| DOUG DRETKE, DIRECTOR OF TDCJ-CID | § § | |

## **REPORT AND RECOMMENDATION**

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Marshall Alan Van Dyke, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to two judgments and sentences entered by the 130th District Court of Matagorda County, Texas. On February 12, 2002, Petitioner pled guilty to charges of burglary of a building and a habitation and was sentenced to fifteen years imprisonment on each charge. The State also has custody of Petitioner pursuant to a sentence imposed by the 23rd District Court of Brazoria County, Texas on April 25, 2002. Petitioner pled guilty to a charge of theft and was sentenced to seven years imprisonment.

Petitioner filed three writs of habeas corpus in state court alleging that he had been denied flat-time credit for time served on these sentences. The Court of Criminal Appeals denied all the writs without written order. Petitioner subsequently filed the instant writ claiming that he

has been denied 393 days of time served in the Brazoria County jail before sentenced was imposed.

Under Texas law, a prisoner is entitled to credit for time spent in jail from the time of his arrest to the time the court imposes sentence. *Ex parte Kuban*, 763 S.W.2d 426 (Tex. Crim. App. 1989). However, there is no federal constitutional right to such credit. *Bayless v. Estelle*, 583 F.2d 730, 732 (5th Cir. 1978). The Fifth Circuit has long held that a constitutional issue does not arise unless the sum of the sentence actually imposed and the presentence confinement that has been denied exceeds the maximum possible sentence that could have been imposed. *Parker v. Estelle*, 498 F.2d 625, 627 (5th Cir. 1974). Otherwise, there is a "conclusive presumption that the sentencing judge gave credit for the pre-sentence custody." *Id*.

That is the case here. Petitioner challenges credits given on his seven year sentence from Brazoria County for theft. That offense was a third degree felony whose punishment ranged from two to ten years. Tex. Penal Code §§ 31.03, 12.34. Even if he were denied 393 days served in Brazoria County before sentencing, that number, combined with the seven year sentence, does not exceed the ten year maximum sentence. There is therefore a conclusive presumption that the sentencing judge gave proper credit for the 393 days at issue here. Petitioner therefore raises an issue only relating to the State's interpretation of its own laws and regulations. Federal habeas relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a federal constitutional issue is also at stake. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Even if a constitutional issue were raised here, the State has presented conclusive evidence that Petitioner's claim is without merit. Thomas Warren, the Administrative Assistant to the State Classification Committee, has given affidavit testimony that Petitioner was credited with the 393 days

served in Brazoria County and that his calculated sentence date was pushed back accordingly. Respondent's Answer at Ex. B. Petitioner's confinement date began on April 25, 2002. Petitioner's Response at Ex. A. The TDCJ-CID has adjusted the commencement date for this sentence to March 28, 2001 to account for the time served prior to sentencing. Respondent's Answer at Ex. B.

The Court therefore **RECOMMENDS** that the "Petition for a Writ of Habeas Corpus by a Person in State Custody" (Instrument No. 1) of Marshall Van Dyke be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **October 31, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553 **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this \_\_\_\_12th\_\_\_\_ day of October, 2005.

_____
John R. Froeschner
United States Magistrate Judge

3